**LIMEI CHEN, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General,[1] Respondent.**

**No. 06–3962–ag.**

United States Court of Appeals, Second Circuit.

Oct. 28, 2008.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Limei Chen, Alhambra, CA, pro se.

Gregory G. Katsas, Acting Assistant Attorney General; Terri J. Scadron, Assistant Director; Greg D. Mack, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C, for Respondent.

Present: ROSEMARY S. POOLER, REENA RAGGI and DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Limei Chen, a native and citizen of the People's Republic of China, seeks review of a July 26, 2006 order of the BIA affirming the April 15, 2005 decision of Immigration Judge ("IJ") Adam Opaciuch, which denied her application for relief under the Convention Against Torture ("CAT"). *In re Li Mei Chen,* No. A78 928 146 (B.I.A. July 26, 2006), *aff'g* No. A78 928 146 (Immig. Ct. N.Y. City Apr. 15, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 159 (2d Cir.2004). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008).

■ As an initial matter, because Chen failed to raise before the agency her claim that she fears persecution on account of her religion, we are without jurisdiction to review any such claim. *See* 8 U.S.C. § 1252(d)(1).

■ We find that substantial evidence supports the agency's denial of Chen's application for CAT relief. We have held that without any particularized evidence, an applicant cannot demonstrate that she is more likely than not to be tortured "based *solely* on the fact that she is part of the large class of persons who have illegally departed China" and on generalized evidence indicating that torture occurs in Chinese prisons. *Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 159–60 (2d Cir. 2005); *see also Pierre v. Gonzales,* 502 F.3d 109, 118–19 (2d Cir.2007) (holding that beyond evidence of inhumane prison conditions, a CAT claimant must provide some evidence that the authorities act with the specific intent to inflict severe physical or mental pain or suffering on those detained).

Here, Chen provided no basis for the IJ to conclude that she, or someone in her

"particular alleged circumstances," faces an elevated risk of persecution or torture. *Mu–Xing Wang v. Ashcroft,* 320 F.3d 130, 143–44 (2d Cir.2003). Chen's reliance on various articles in the record is misplaced as these documents do not provide evidence that individuals similarly situated to her are imprisoned and tortured. Moreover, Chen did not testify that she knew any individuals who were imprisoned or tortured for illegally departing China. Therefore, as Chen failed to provide the particularized evidence necessary to demonstrate eligibility for CAT relief, *see Mu Xiang Lin,* 432 F.3d at 160, substantial evidence supports the agency's conclusion that she failed to meet the high burden of proof for establishing eligibility for CAT relief, *see Mu–Xing Wang,* 320 F.3d at 143–44.

To the extent Chen relies on extra-record evidence in her brief, we must "decide the petition [for review] only on the administrative record on which the order of removal is based." 8 U.S.C. § 1252(b)(4)(A). Moreover, we have held that the exercise of any inherent equitable power to remand is not warranted if: "[i] the basis for the remand is an instruction to consider documentary evidence that was not in the record before the BIA; and [ii] the agency regulations set forth procedures to reopen a case before the BIA for the taking of additional evidence." *Xiao Xing Ni v. Gonzales,* 494 F.3d 260, 269 (2d Cir.2007). Therefore, we decline to consider this evidence and we will not remand for the agency to do so. *See* 8 U.S.C. § 1252(b)(4)(A); *see also Xiao Xing Ni,* 494 F.3d at 269.

For the foregoing reasons, the petition for review is DENIED.