09-2802-ag
Li Mei Chen v. Holder

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of September, two thousand ten.

PRESENT:   REENA RAGGI,
             GERARD E. LYNCH,
                     *Circuit Judges*,
             JED S. RAKOFF,
                     *District Judge*.[*]

-----------------------------------------------------------------------------------

LI MEI CHEN,

                         *Petitioner*,

              v.                                         09-2802-ag

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,

                         *Respondent*.

-----------------------------------------------------------------------------------

APPEARING FOR PETITIONER:     LI MEI CHEN, *pro se*, Alhambra, California.

APPEARING FOR RESPONDENT:    KATHLYN DEANGELIS, Trial Attorney, Office

---

[*] District Judge Jed S. Rakoff of the United States District Court for the Southern District of New York, sitting by designation.

of Immigration Litigation (Tony West, Assistant Attorney General, Civil Division; Terri J. Scadron, Assistant Director, Office of Immigration Litigation, Lisa M. Damiano, Trial Attorney, Office of Immigration Litigation, *on the brief*), United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Li Mei Chen, a native and citizen of the People's Republic of China, seeks review of a June 5, 2009 order of the BIA denying her motion to reopen. In re Li Mei Chen, No. A078 928 146 (B.I.A. June 5, 2009). We review the BIA's denial of a motion to reopen for abuse of discretion. See Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir. 2006). When the BIA evaluates evidence of country conditions submitted with a motion to reopen, we review its findings for substantial evidence. See Jian Hui Shao v. Mukasey, 546 F.3d 138, 169 (2d Cir. 2008). We assume the parties' familiarity with the underlying facts and procedural history of this case.

As an initial matter, we limit our review to the BIA's 2009 decision denying Chen's motion to reopen. See Ke Zhen Zhao v. U.S. Dep't of Justice, 265 F.3d 83, 89-90 (2d Cir. 2001) (holding that court reviews only denial of motion to reopen upon appeal therefrom). Insofar as Chen also petitions for review of the 2008 denial of her claim for relief under the Convention Against Torture, we have, in any event, already denied review of that decision.

2

See Limei Chen v. Mukasey, 298 F. App'x 37, 39 (2d Cir. 2008) (summary order).

The BIA did not abuse its discretion in denying Chen's motion to reopen as untimely. A motion to reopen generally must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceedings sought to be reopened. See 8 C.F.R. § 1003.2(c)(2). There is no dispute that Chen's motion to reopen, filed in December 2008, did not fall within that timeframe. The 90-day time limitation does not apply, however, to a motion to reopen "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii).

Insofar as Chen relied on this exception, the BIA did not err in finding that the birth of her child and her second pregnancy in the United States did not constitute a change in circumstances "arising in the country of nationality." See Wei Guang Wang v. BIA, 437 F.3d 270, 273-74 (2d Cir. 2006) (holding that subsequent birth of petitioner's child constitutes changed personal conditions, not changed country conditions). Nor did the BIA err in finding that Chen failed to demonstrate a material change in country conditions since her April 2005 hearing with respect to her fear of persecution based on her adoption of the Shouters religion. See Yuen Jin v. Mukasey, 538 F.3d 143, 155-56 (2d Cir. 2008). Chen points to no evidence that China's treatment of the Shouters has worsened since her April 2005 hearing. In fact, many of the articles she submitted to demonstrate Chinese persecution

3

of the Shouters predated her merits hearing.  See 8 C.F.R. § 1003.2(c)(3)(ii) (motion to reopen must show "changed circumstances arising in the country of nationality . . . if such evidence . . . could not have been discovered or presented at the previous hearing"); Matter of S-Y-G-, 24 I. & N. Dec. 247, 257 (BIA 2007) (holding that new report or law is not evidence of changed conditions without convincing evidence that prior version of law was different, or was differently enforced, in some relevant and material way).

We have considered Chen's other arguments on appeal and conclude that they are without merit.  Accordingly, the petition for review is DENIED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

4